FULMER, Chief Judge.
Douglas Olds challenges an order denying his motion for rehearing in a proceeding involving the calculation of a child support arrearage. We reverse for further proceedings because the record does not support the conclusion that the motion was untimely and because, on the merits, the hearing officer failed to make the required findings of fact to enable meaningful review of the arrearage calculation.
Olds filed a motion in October 2004 requesting that the social security disability derivative benefits received by his child be applied against Olds’ child support obligation. The hearing officer entered a recommended order, which the trial court adopted on December 9, 2004, finding that Olds was meeting his child support obligation through the social security benefits but stating that an arrearage was adjudicated at $1052 and ordering payment of $10 per month. Olds challenged the calculation of the arrearage in his motion for rehearing. In a recommended order of March 14, 2005, which was adopted by the trial court, the hearing officer determined, first, that Olds’ motion for rehearing should be denied because it was not timely filed and, second, that the motion should be denied because the arrearage was calculated correctly.
*1163 Olds first asserts that the trial court erred in determining that his motion was untimely. The Department properly concedes that the trial court did not apply the correct standard in ruling that the motion was untimely filed.[1] We will therefore address Olds’ claims on the merits.
Olds argues that the trial court erred in calculating the child support ar-rearage of $1052. The Department argues that this court must affirm because Olds has not provided the transcript of the February 2, 2005, hearing, which was held on Olds’ motion for rehearing before the hearing officer. We reject the Department’s argument as premature.
The hearing officer was required to set forth findings of fact and conclusions of law in the recommended orders submitted to the trial court. See Fla. Fam. L.R.P. 12.491(e)(4) (providing that the hearing officer’s recommended order to the court “shall set forth findings of fact”). The hearing officer’s proposed order from the November 18, 2004, hearing, which the trial court adopted on December 9, 2004, includes no findings justifying the $1052 arrearage. The hearing officer’s proposed order on the motion for rehearing held February 2, 2005, which the trial court adopted on March 14, 2005, states that “upon review it appears Respondent was given all appropriate credits at the 11 — 18— 04 hearing.” It is not clear what evidence the hearing officer reviewed or relied upon to make either determination.
Because there were no factual findings set forth by the hearing officer to support the arrearage, there could not have been meaningful review in the trial court. We therefore reverse the order denying Olds’ motion for rehearing and remand for the trial court to make or adopt findings to justify the arrearage calculation. If Olds then disputes the findings that the trial court makes or adopts, it may be necessary for him to obtain a transcript to effectively challenge the findings.
We reject Olds’ arguments regarding the deductions of $43.40 and $10 from his disability benefits. There is no indication in this record of any order deducting $43.40, and we agree with the Department that such deduction is not a proper subject of this appeal. The deduction of $10 has been authorized by the order under review.
Reversed and remanded for further proceedings.
CASANUEVA and STRINGER, JJ., Concur.

. The Department acknowledges that under Florida Rule of Civil Procedure 1.530 timeliness is determined by service on the opposing party, rather than filing date. The rule provides that a motion must be served on the opposing party not later than ten days after the date of filing of the judgment. Here, the record does not reflect a service date and there is no indication that the hearing officer made a finding as to the service date.